# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JET STREAM TRUCKING, et al., § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> CTR INCIDENT MANAGEMENT § <br> SPECIALIST, et al., § <br> *Defendants.* § | Civil Action No. 4:21-CV-860 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Remand & Notice of Hearing (Dkt. #12). Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED**.

### BACKGROUND

On September 20, 2021, Plaintiffs Jet Stream Trucking, Inc., d/b/a HBL Towing & Recovery, CTR Fleet Services, Inc., Ghazi Aldhhik, and Saleh Aldhhik ("Plaintiffs") sued Defendants CTR Incident Management Specialist, LLC, Kyle Chron, Rick Chron, and Ashley Chron ("Defendants"), alleging fraud, misappropriation, unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and other causes of action. On October 27, 2021, Defendants removed the action from the 219th District Court of Collin County, Texas based on Plaintiffs' claim for violation of the Lanham Act (Dkt. #1).[1]

Plaintiffs amended their complaint as a matter of right on November 15, 2021, dropping all references to the Lanham Act (Dkt. #3). On November 17, 2021, Plaintiffs sought the remand of this case to state court (Dkt. #12). On December 1, 2021, Defendants responded (Dkt. #15).

---

[1] The Clerk of Court marked Defendants' Notice of Removal as deficient, however Defendants failed to ever re-file their Notice of Removal to cure the deficiency.

Defendants allege Plaintiffs' unfair competition claim arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and thus the Court has federal question jurisdiction over this action (Dkt. #1 at pp. 1–2).

## LEGAL STANDARD

*Timely Motion to Amend Complaint*

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

*Motion to Remand*

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be

resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004).

A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

## ANALYSIS

Plaintiffs seek to remand this case, asserting their claims are all made pursuant to state law and that Defendants waived their right to removal (Dkt. #12). Defendants respond that Plaintiffs' removal of any reference to the Lanham Act in their amended complaint is "a transparent effort to avoid federal jurisdiction while otherwise asserting the same claims and elements" (Dkt. #15). Defendants also maintain they have not waived their right to removal (Dkt. #15). Assuming *arguendo* removal was proper, the Court exercises its discretion to remand this case and decline supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This type of

jurisdiction, often called "federal question jurisdiction," "is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted."). A single claim over which federal-question jurisdiction exists is sufficient to allow removal. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997). The relevant inquiry with a motion to remand is whether the Court had federal question jurisdiction at the time of removal to federal court. *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

In Plaintiffs' original petition, Plaintiffs state their unfair competition claim "arises under § 43(a) of the Lanham Act, 152 U.S.C. § 1125" (Dkt. #1, Exhibit 1 at p. 17). Plaintiffs assert Defendants' use of the mark related to "CTR" is "likely to cause confusion, mistake, or deception" in violation of the Lanham Act (Dkt. #1, Exhibit 1 at p. 17). The Lanham Act is a federal cause of action over which this Court would have federal question subject matter jurisdiction without regard to the amount in controversy or the citizenship of the parties. *Accressa Health LLC v. Hint Health Inc.*, No. 4:18-cv-536, 2019 WL 10960486, at *4 (E.D. Tex. May 23, 2019). Thus, at the time of removal, the Court had original question jurisdiction over Plaintiffs' claims.

However, after the case was removed, Plaintiffs amended as of right and dropped all references to the Lanham Act in their unfair competition claim (Dkt. #3). While there are similarities between the amended complaint and the original petition, because Plaintiffs have clearly indicated they intend to plead unfair competition under state law, Plaintiffs' state law unfair competition claim "should not be recast as a federal claim merely because it tracks some of the language of the Lanham Act." *Stearns Airport Equip. Co. v. Mannesmann Dematic Rapistan*

*Corp.*, No. CIV.A.3:98-CV-2713-L, 1999 WL 288679, at *2 (N.D. Tex. Apr. 30, 1999) (citing *1st Natl. Reserve, L.C. v. Vaughan*, 931 F. Supp. 463, 467 (E.D. Tex. 1996)). Accordingly, the only federal claim has been dropped from this case.[2] Additionally, the parties are not diverse.

While a post-removal amendment deleting all federal claims does not divest a court of subject matter jurisdiction, *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) (citations omitted), a court, nonetheless, may exercise its discretion to remand to state court or retain jurisdiction over the state claims after it has duly considered the factors listed by the Supreme Court. *Carnegie-Mellon*, 484 U.S. at 357. Thus, this Court has the discretion to remand the case because Plaintiffs have dropped the federal question claim from the case and the parties are not diverse citizens. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338–39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction); *see also Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon*, 484 U.S. at 357).

To determine whether to exercise jurisdiction or to remand, the Court must balance "the statutory factors set forth by 28 U.S.C. § 1367(c)," common law factors, and the threat of "improper forum manipulation." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). Where all federal claims are eliminated before trial, the balance of the factors will typically point towards declining to exercise jurisdiction over the remaining state-law claims. *Carnegie-Mellon*, 484 U.S. at 350 n.7. Because the Court lacks diversity jurisdiction, only state-law claims remain, and the federal claim has dropped out early in the case, the Court exercises its discretion to remand the case to state court.[3]

---

[2] Defendants do not assert any other claim arises under federal law.
[3] Because the Court has determined remand is the appropriate course of action, it need not decide the issue of waiver.

The statutory factors courts must consider when deciding whether to remand are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). On the one hand, the second and third factors weigh in favor of remand because the state claims predominate over the federal claim, which has been dismissed. On the other hand, Defendants note Plaintiffs seek to protect their alleged trademark beyond the geographical limits of the state of Texas (Dkt. #15 at p. 4), which may qualify as a novel or complex state law issue. The net effect is that the statutory factors appear to be neutral, but the "the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *Enochs,* 641 F.3d at 159.

The common law factors include judicial economy, convenience, fairness, and comity. *Id*. This case has only been pending in the Court since October, the Lanham Act claim was dropped in November, and this is the first motion the Court has taken up. Thus, "hardly any federal judicial resources, let alone a significant amount of resources, have been devoted to the district court's consideration" of the claims. *Id*. Moreover, remand does not appear to cause financial or other inconvenience to the parties as the parties would not have to duplicate previous work or expenses. *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008). Further, it is fair for "the purely Texas state law claims" to be "heard in Texas state court." *Enochs,* 641 F.3d at 160. In addition, "comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id*. (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580,

6

588–89 (5th Cir. 1992).  Therefore, the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of remand.

Defendants assert Plaintiffs cannot avoid removal by amendment and raise concerns regarding forum manipulation (Dkt. #15 at p. 6).  Defendants rely on *Boelens v. Redman Homes, Inc.*, wherein the Fifth Circuit stated, "plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction."  759 F.2d 504, 507 (5th Cir. 1985).  The Court here does not hold Plaintiffs' amendment divests the Court of federal question jurisdiction.  The Court merely exercises its discretion not to exercise supplemental jurisdiction over the remaining claims.  *See Galaz v. Chase Bank, N.A.*, No. SA-11-CA-0646, 2011 WL 6739612, at *2 (W.D. Tex. Dec. 21, 2011) ("When a plaintiff amends his complaint soon after removal to delete all federal claims, the Court has discretion whether to retain jurisdiction over the remaining state-law claims (via supplemental jurisdiction) or to remand them to state court.") (citing *In re Wilson Industries, Inc.,* 886 F.2d 93, 95 (5th Cir. 1989)).

Moreover, allegations of gamesmanship are mitigated by Plaintiffs' initial preference for state court and persistent desire to remand to state court as exemplified by their elimination of the federal claim, which they had a right to do.  *See Gonzalez v. Am. Home Mortg. Servicing*, No. 3:12-cv-1708, 2012 WL 3759802, at *2 (N.D. Tex. Aug. 30, 2012).  Therefore, the Court does not find Plaintiffs have engaged in improper forum manipulation that would outweigh the balance of the other factors such that the Court should retain jurisdiction.  *Enochs*, 641 F.3d at 160 ("Enochs's motion to amend his complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all."); *see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that "plaintiffs get to pick their forum and pick

the claims they want to make unless they are blatantly forum shopping"); *Giles*, 172 F.3d at 340 (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation).

Thus, based on an analysis of the governing factors, the Court finds that remand is appropriate.

## CONCLUSION

It is therefore **ORDERED** Plaintiffs' Motion for Remand & Notice of Hearing (Dkt. #12) is hereby **GRANTED** and this case is remanded to the 219th District Court of Collin County, Texas.

**IT IS SO ORDERED.**

**SIGNED this 24th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE